**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| ERIC HAEFNER,<br><br>            Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGIS-<br>TRATION SYSTEMS, INC., et al.,<br><br>            Defendants. | 2:12-CV-10 JCM (CWH) |

**ORDER**

Presently before the court is defendant NV West Servicing, LLC's ("NV West") motion to dismiss. (Doc. #10). Defendants Cal-Western, CitiMortgage, Inc., and Mortgage Electronic Registration Systems, Inc. joined this motion. (Docs. #13 and #24). Plaintiff Eric Haefner filed an opposition. (Doc. #26). NV West then filed a reply (doc. #29), and Cal-Western joined the reply. (Doc. #32).

The property at issue in this case is located at 6824 War Eagle Circle, Las Vegas, Nevada. (Doc. #2, Ex. A). On July 29, 2005, plaintiff executed a $200,000 note, secured by a deed of trust, to purchase the property. (Doc. #2, Ex. A). On September 10, 2010, Cal-Western recorded a notice of breach and default and of election to cause sale of real property under deed of trust. (Doc. #2, Ex. A). Cal-Western then recorded a notice of trustee's sale on January 4, 2011. (Doc. #2, Ex. A). The property was sold at a trustee's sale on January 24, 2011, and the trustee's deed upon sale was recorded on February 16, 2011. (Doc. #2, Ex. A).

**James C. Mahan**
**U.S. District Judge**

Two months after the trustee's sale of the property, plaintiff filed a voluntary chapter 7 petition with the United States Bankruptcy Court, District of Nevada. (Doc. #10, Ex. A). NV West asserts that once plaintiff filed the bankruptcy petition, "any and all claims related to the foreclosure . . . became property of the plaintiff's bankruptcy estate and passed to the trustee." (Doc. #10). NV West argues that plaintiff failed to disclose the claims related to the foreclosure in his bankruptcy schedules and, therefore, is now estopped from prosecuting these causes of action. (Doc. #10).

In response, plaintiff argues that the chapter 7 trustee abandoned the bankruptcy estate's interest in the property to plaintiff. Therefore, plaintiff is the real party in interest and this court has subject matter jurisdiction over the instant complaint. (Doc. #26). Specifically, plaintiff notes that he listed the real property on schedule A of his bankruptcy petition. (Doc. #26, Ex. 1). Plaintiff further asserts that he discussed his nonjudicial foreclosure claims with the chapter 7 trustee at a meeting with creditors. (Doc. #26, Ex. 2). Finally, plaintiff states that the chapter 7 trustee filed a report of no distribution on May 17, 2011. (Doc. #26, Ex. 3). In this report, the chapter 7 trustee abandoned $151,000.00 in assets, which plaintiff asserts was the current value of the plaintiff's interest in the real property. (Doc. #26).

"The Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*.'" *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (quoting *In re Coastal Plains*, 179 F.3d 197, 207-08 (5th Cir. 1999) (emphasis in original)). Title 11 U.S.C. § 554 governs abandonment, which results in restoration of a debtor's interest in property. "[C]laims must be scheduled in order to be abandoned." *In re Kreisel*, 399 B.R. 679, 687 (Bankr. C.D. Cal. 2008). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 784 (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)).

Here, there is no dispute that plaintiff listed his interest in the real property on schedule A of his bankruptcy petition. However, NV West argues that this fact "is wholly irrelevant to the

James C. Mahan
U.S. District Judge

1  determination of whether the personal property *claims* in this case currently belong to the plaintiff's
2  bankruptcy estate." (Doc. #29). NV West argues that plaintiff should have listed the claims at issue
3  in the instant litigation on schedule B of his bankruptcy petition because the "*claims* themselves are
4  *personal property assets* of the bankruptcy estate." (Doc. #29).

5  The allegedly wrongful foreclosure at issue in this case occurred prior to plaintiff's voluntary
6  chapter 7 bankruptcy petition. Therefore, these claims are pre-petition causes of action which belong
7  to the bankruptcy estate. *See Hamilton*, 270 F.3d at 785. Plaintiff did not schedule the foreclosure-
8  related *claims* in his bankruptcy petition. Because the claims were not scheduled in the bankruptcy
9  petition, plaintiff is barred from prosecuting these claims in this court. *Id.*

10  Accordingly,
11  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant NV West
12  Servicing, LLC's ("NV West") motion to dismiss (doc. #10) be, and the same hereby is, GRANTED.
13  IT IS FURTHER ORDERED that the clerk of court shall close the above-captioned case and
14  enter final judgment accordingly.
15  DATED April 13, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -